# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: April 18, 2017

| | |
|---|---|
| ************************************* | UNPUBLISHED |
| ROBERT LAUDER, Administrator * | |
| of the Estate of K.L., * | |
| * | |
| Petitioner, * | No. 06-758V |
| * | |
| v. * | |
| * | Chief Special Master Dorsey |
| SECRETARY OF HEALTH * | |
| AND HUMAN SERVICES, * | |
| * | Attorneys' Fees and Costs; Incorrect |
| Respondent. * | Paralegal Rate. |
| * | |
| ************************************* | |

Elaine Whitfield Sharp, Whitfield, Share & Sharp, Marblehead, MA, for petitioner.
Lara Ann Englund, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On March 20, 2017, petitioner filed a motion for attorneys' fees and costs. Petitioner's Application for Fees and Costs ("Pet'r's App.") dated March 20, 2017 (ECF No. 182). Petitioner requests a total of $88,579.17 in attorneys' fees and costs, as well as petitioner's out of pocket costs. Id. at 1. For the reasons discussed below, the undersigned awards petitioner $85,876.67 in attorneys' fees and costs.

### I. Background

On November 8, 2006, Robert Lauder ("petitioner") filed a petition on behalf of his minor child, K.L., pursuant to the National Vaccine Injury Compensation Program.[2] Petitioner alleged

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to delete medical or other information, that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, I agree that the identified material fits within the requirements of that provision, I will delete such material from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 et seq. (hereinafter "Vaccine Act" or "the Act"). Hereafter, individual section

that the diphtheria-pertussis-tetanus ("DPT"), inactivated polio ("IPV"), haemophilus influenza type B ("HiB"), and Prevnar vaccinations K.L. received on January 3, 2003, caused her to suffer a Table encephalopathy, or in the alternative, a causation-in-fact encephalopathy, leading to her death on January 16, 2003.

Since the filing of the petition, the case was transferred several times. The case was most recently transferred to the undersigned on April 15, 2016. A status conference was held on June 21, 2016, during which the undersigned shared her belief that the record lacked sufficient evidence for petitioner to prevail at a hearing. Order dated June 21, 2016 (ECF No. 171) at 1. Petitioner was given an opportunity to file additional expert reports containing new opinions or evidence regarding causation. Id. During the conference, the undersigned warned that she would pay all reasonable fees and costs incurred in the case but that she would not continue to pay attorneys' fees and costs if there was not sufficient evidence for the case to proceed to a hearing. Id.

On August 13, 2016, petitioner filed a motion to dismiss. Motion to Dismiss dated August 13, 2016 (ECF No. 175). The undersigned issued a decision dismissing the petition on August 17, 2017. Petitioners filed a motion for attorneys' fees and costs on March 20, 2017. Pet'r's App. at 1. Respondent filed a general response on March 23, 2017, stating that the undersigned should exercise her discretion in awarding a reasonable amount of fees and costs. Respondent's Response ("Resp.'s Resp.") dated March 23, 2017 (ECF No. 184) at 3. Petitioner did not file a reply.

This matter is now ripe for adjudication on petitioner's motion for attorneys' fees and costs.

## II. Reasonable Attorneys' Fees

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation. 42 U.S.C. § 300aa-15(e)(1). When compensation is not awarded, the special master "may" award reasonable attorneys' fees and costs "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." Id. at §15(e)(1). Respondent has not objected to petitioner's application for fees and costs on the basis of a lack of good faith or reasonable basis. The undersigned finds that petitioner brought his petition in good faith and that a reasonable basis existed up to and including the June 21, 2016. As a result, the undersigned will pay all reasonable costs incurred from the start of the case until and including that status conference, as well as reasonable fees and costs associated with winding the case down.

### a. Reasonable Hourly Rate

Ms. Sharp requests the following hourly rates: $340.00 per hour for work performed in 2005 through 2007, $350.00 per hour in 2008 and 2009, $360.00 per hour in 2010 and 2011, $370.00 per hour in 2012 and 2013, $380.00 per hour in 2014 and 2015, and $390.00 per hour in 2016 and 2017. See generally Pet'r's App., Exhibit ("Ex.") 1. These rates are in accordance with rates previously awarded Ms. Sharp, and the undersigned finds them reasonable. See Bumbalough

---

references will be to 42 U.S.C. § 300aa of the Act.

v. Sec'y of Health & Human Servs., 2016 WL 6599964 (Fed. Cl. Spec. Mstr. Oct. 14, 2016) (Special Master Moran found that Ms. Sharp's hourly rates, which were all in the ranges listed above, reasonable).

### b. Adjustments

While petitioners are entitled to an award of attorneys' fees and costs, the undersigned finds that an adjustment to petitioner's fee award is appropriate, because petitioners request compensation at an attorney's hourly rate for paralegal work. In making reductions, a line-by-line evaluation of the fee application is not required. Wasson v. Sec'y of Health & Human Servs., 90-208V, 24 Cl. Ct. 482, 484, rev'd on other grounds and aff'd in relevant part, 988 F.2d 131 (Fed. Cir. 1993). Special masters may rely on their experience with the Vaccine Act and its attorneys to determine the reasonable number of hours expended. Id. Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications." Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993).

### 1. Paralegal Time

It is well established that attorneys who bill for performing non-attorney-level work must appropriately reduce their hourly rate to reflect that of a legal secretary or paralegal. Mostovoy, 2016 WL 720969 at *5. After carefully reviewing petitioner's application for fees and costs, the undersigned notes that several of Ms. Sharp's time entries marked "paralegal time" were actually billed at an attorney's hourly rate.

The undersigned must first determine the reasonable hourly paralegal rate for Ms. Sharp. In Bumbalough, Ms. Sharp requested, and Special Master Moran awarded, paralegal rates for the years 2008 to 2016 between $115.00 to $130.00 per hour. 2016 WL 6599964 at *2. The incorrect paralegal billing entries encompass the years 2011, 2012, 2014, and 2016. The undersigned thus adjusts Ms. Sharp's paralegal rate as follows: Ms. Sharp will be awarded $130.00 per hour for work performed in 2016, $125.00 per hour for work performed in 2014, and $120.00 per hour for work performed in 2011-2012.

The undersigned adjusts the following billing entries which were billed as paralegal time but for which Ms. Sharp charged her hourly attorney rate: July 26, 2011, June 1, 2012, June 8, 2012, July 3, 2012, July 5, 2012, September 5, 2012, October 16, 2012, October 26, 2012, March 28, 2014, April 1, 2014, April 24, 2014, June 13, 2014, June 23, 2014, and June 7, 2016. See generally Pet'r's App., Ex. 1. These entries amount to over 10.5 hours of incorrectly billed time. Accordingly, the undersigned reduces Ms. Sharp's compensation for paralegal work by $2,702.50.[3]

### III. Reasonable Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioners' counsel

---

3 A graph setting forth the paralegal adjustments is attached to this Decision as Appendix A.

requests $32,137.66 in attorneys' costs for expenses incurred by the firm.  Pet'r's App. at 1.  These costs include payments for medical records, costs incurred in traveling to and from the fact hearing in Washington, D.C., and expert fees for Dr. Jan E. Leestma, Dr. Edwin N. Forman, Dr. Marcel Kinsbourne, Dr. Patrick Barnes, Dr. Karl Williams, and Dr. Leonard Worden.

Dr. Leestma performed 19.3 hours of work at $350.00 per hour for a total of $6,755.00.  Pet'r's App., Additional Exhibit ("Add'l Ex.") 8 dated March 20, 2017 (ECF No. 183).  Dr. Forman requests $400.00 per hour for 23 hours of work, for a total of $9,200.00  Id., Exhibit 9 at 2.  Dr. Kinsbourne requests $4,850.00 for 9.7 hours of work billed at $500.00 per hour.[4]  Id., Ex. 1 at 2.  Dr. Barnes performed 2.9 hours of work at $500.00 per hour, for a total of $1450.00.  Id., Ex. 2 at 1-2.  Dr. Williams billed 7.6 hours of work at $400.00 per hour, for a total of $3,040.00.  Id., Ex. 3 at 1.  Dr. Worden billed 30.75 hours of work at $200.00 per hour, for a total of $6,150.00.  Each of petitioner's experts provided an invoice detailing the amount of time spent, the work performed, and the hourly rate charged.  The undersigned finds all of these costs reasonable and awards them in full.

### IV.  Conclusion

Based on all of the above, the undersigned finds that petitioner is entitled to a reimbursement of attorneys' fees and costs as follows:

**Attorneys' Fees:**
| | |
|---|---|
| Requested: | $55,405.00 |
| Paralegal rate reduction: | ($2,702.50) |
| Awarded: | $52,702.50 |

**Attorneys' Costs**:
| | |
|---|---|
| Requested: | $32,137.66 |
| Reductions: | $0.00 |
| Awarded: | $32,137.66 |

**Petitioner's Costs**:
| | |
|---|---|
| Requested: | $1,036.51 |
| Reductions: | $0.00 |
| Awarded: | $1,036.51 |

**Accordingly, the undersigned awards:**

**A lump sum in the amount of $1,036.51, representing reimbursement for petitioner's costs, in the form of a check payable to petitioner, Mr. Robert Lauder;  and**

**A lump sum in the amount of $84,840.16, representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to petitioner, Mr. Robert Lauder, and his counsel, Ms. Elaine Sharp.**

---

[4]  Dr. Kinsbourne requests a total of $4,850.00, but his invoice reflects that part of this fee was paid and that the remaining amount is for $3,350.00.  Pet'r's App., Add'l Ex 1 at 2.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this decision.[21]

**IT IS SO ORDERED.**

s/Nora Beth Dorsey
Nora Beth Dorsey
Chief Special Master

---

[21] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice not to seek review.

**Appendix A: Lauder (06-758V)**

| Date | Time Billed | Amount Billed | Adjusted Hourly Rate | Awarded | Reduction |
|---|---|---|---|---|---|
| 7/26/2011 | 2 hrs | $720.00 | $120.00/hr | $240.00 | $480.00 |
| 6/1/2012 | 1 hrs | $370.00 | $120.00/hr | $120.00 | $250.00 |
| 6/8/2012 | 1 hrs | $370.00 | $120.00/hr | $120.00 | $250.00 |
| 7/3/2012 | 18 min | $111.00 | $120.00/hr | $36.00 | $75.00 |
| 7/5/2012 | 12 min | $74.00 | $120.00/hr | $24.00 | $50.00 |
| 9/5/2012 | 6 min | $37.00 | $120.00/hr | $12.00 | $25.00 |
| 10/16/2012 | 30 min | $185.00 | $120.00/hr | $60.00 | $125.00 |
| 10/26/2012 | 6 min | $37.00 | $120.00/hr | $12.00 | $25.00 |
| 3/28/2014 | 6 min | $38.00 | $125.00/hr | $12.50 | $25.50 |
| 4/1/2014 | 18 min | $114.00 | $125.00/hr | $37.50 | $76.50 |
| 4/24/2014 | 30 min | $190.00 | $125.00/hr | $62.50 | $127.50 |
| 6/13/2014 | 6 min | $38.00 | $125.00/hr | $12.50 | $25.50 |
| 6/23/2014 | 30 min | $190.00 | $125.00/hr | $62.50 | $127.50 |
| 6/7/2016 | 4 hrs | $1,560.00 | $130.00/hr | $520.00 | $1,040.00 |
| **TOTALS** | | | | | **$2,702.50** |